Frost, J.
delivered the opinion of the Court.
The motion will be decided on the third ground taken for a non-suit, that the dower of the plaintiff’s wife was not relinquished before the commencement of the suit.
The defendant having contracted to purchase a tract of land from the plaintiff, is charged, in this action, on his agreement to pay to the plaintiff the sum of five hundred dollars, on or before the 1st Dec. 1839, “ on the receipt of good and sufficient titles to the same.” Before the action the plaintiff tendered to the defendants’ testator a deed of conveyance, without a renunciation of his wife’s dower. This defect was supplied after the action was brought, and before the trial.
Whenever, by the terms of the contract, the performance of the defendant depends on some act to be done by the plaintiff, it is necessary for the plaintiff to aver the fulfilment of such condition precedent, or to shew some excuse for the non-performance. Thus, in decláring on a promise to pay a sum of money, in consideration that the plaintiff would execute a release, the declaration must aver that such release was executed or tendered and refused.—8 East, 437; 2 Saund. 108, note 3. The engagement of a purchaser to pay the price, on the delivery of good titles, is a condition precedent; and' the vendor cannot bring an action, without having executed the conveyance, or offered to do so.—Sugd. Tend. 180; Phillips v. Fielding, 2 H. Blac. 123, was an action on an agreement to pay the purchase money, at a certain time, “ on having a good title,” and it was held necessary that the vendor should aver that he had actually made a good title, or that it was tendered and refused.
If the deed which the plaintiff tendered, had been sufficient to convey a good title, he might maintain the action.— But it is objected that the deed was not sufficient, because it was not accompanied by a renunciation of dower.
Bven if the stipulation for “good and sufficient titles” im *85 ports no more than the delivery of the title deeds, yet it necessarily requires that the deeds must, in effect, be sufficient to transfer a good title. A purchaser does not acquire a good title unless he is assured of a perfect, indefeasible right to the exclusive possession and enjoyment of the land, during the continuance of the estate he has purchased. Such a title was certainly not tendered to the defendants by the deed of the plaintiff, when, at the time of the tender, the plaintiff’s wife had a claim to a freehold estate in one-third of the land granted, in case she survived her husband.
In Prescott v. Freeman, 11 Mass. Rep. 629, Chief Justice Parker defines an incumbrance to be “any interest or right in the land granted, to the diminution of the value of the land, but consistent with the passing of the fee of it, by the conveyances, as mortgages, &c.” He adds, “ such is also the claim of dower.” In Coventry’s treatise on Conveyancers’ Evidence, 26 Law Lib. p. 26, it is said to have been held by the Chancellor, in Powell v. Shiel, 1 Beatty’s Ch. Rep. 48, that the purchaser of an estate of inheritance, from a married man, cannot be compelled to complete his purchase, unless he has a fine from the wife, or such evidence of jointure or other contract, barring her dower, as will enable him, at any time,'to lay his hand on it, to repel any future claim of this right.
Jones v. Gardner, 10 J. R. 266, was an action for the purchase money of a farm, under an agreement by which the plaintiff was bound “ to give to the defendant a sufficient deed to vest in the defendant the title to the land.” The plaintiff tendered a deed to which his wife had not renounced her dower, in the manner prescribed by law. It was held that the deed was imperfect, and did not, in this respect, fulfil the contract. In the judgment of the Court it is affirmed that “the title meant the legal estate, in fee, free and clear of all valid claims, liens and incumbrances, whatsoever. It is the ownership of the land, without the rightful participation of any other person in it. If the wife had a contingent life estate, the defendant had not a clear and absolute title.”
The case of The Ex’ors of Burden v. McElmoyle, Bail. Eq. Rep. 375, does not conflict with these authorities. The defendant was decreed to execute good and sufficient titles to the plaintiff, of two lots of land. He tendered a deed, without a renunciation of his wife’s dower. A motion for an attachment against him, to compel him to obtain the renunciation of his wife’s dower, was dismissed, because the terms of the order did not require the wife’s dower to be renounced, and by “ good and sufficient titles,” expressed in the order, *86 was meant only such as the husband was competent to make; and not such as, by force or persuasion, he could extort from his wife. That case is no authority as to the effect of the terms, when used in an agreement to sell. Whatever conditions the vendor may undertake, he must perform, before he can compel the purchaser to comply with tíre terms of sale. The vendor cannot discharge himself of performance, by averring that circumstances have rendered it impossible, or that he has performed as nearly as he could.
The result of the authorities is that a claim for dower in land bargained to be sold, is such an incumbrance or invalidity of title, that the purchaser, who has stipulated to pay the purchase money, on the receipt of good and sufficient titles, cannot be compelled to take the land, subject to that claim. The tender, therefore, of the plaintiff’s deed to the defendant, without a renunciation of dower, was not a performance of the condition precedent, which was necessary to give a right of action for the purchase money; and the non-suit was properly granted.
The refusal of the defendant to accept the deed, when it was tendered, and to pay the purchase money, cannot be construed into an agreement to discharge the plaintiff from the terms of his contract; and the execution of the renunciation, after suit brought, was immaterial, because it is necessary for the plaintiff to have a cause of action before he brings suit.
The motion is refused.
Evans, J. and Withers, J. concurred.